UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
THERESA CIDONI,                                                                              Civil Action No.:

                               Plaintiff,                                                    **COMPLAINT**

        - against -

WOODHAVEN CENTER OF CARE, GABRIEL PLATSCHAK,
and MELISSA MODICA,

                               Defendants.
-------------------------------------------------------------------------x

        Plaintiff THERESA CIDONI, by and through her attorney, Joseph S. Fritzson, Esq., from J.S. FRITZSON LAW FIRM, P.C., for her Complaint, respectfully alleges the following:

## NATURE OF ACTION

        1.      In this action, Plaintiff seeks judgment against Defendants for their violations of Section 623(a)(1) of the Age Discrimination in Employment Act of 1967, Section 296(1)(a, h) of New York Executive Law, and Section 207(j) of the Fair Labor Standards Act of 1938, as well as for mental and physical injuries stemming therefrom.

## THE PARTIES

        2.      Plaintiff THERESA CIDONI is a resident of the State of New York, County of Suffolk.

        3.      Defendant WOODHAVEN CENTER OF CARE is the former employer of Plaintiff and maintains a place of business in the State of New York, County of Suffolk. Additionally, said Defendant and its below employees, whom are also Defendants, maintain an address at 1360 Route 112, Port Jefferson Station, New York 11776

        4.      Defendant GABRIEL PLATSCHAK is the owner of Defendant WOODHAVEN CENTER OF CARE.

5. Defendant MELISSA MODICA is the human resources director of Defendant WOODHAVEN CENTER OF CARE.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the subject matter arises under the Constitution and laws of the United States.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Plaintiff resides in this district.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFF'S CAUSES OF ACTION

8. Plaintiff, born in 1956, was the head of housekeeping for Defendant WOODHAVEN CENTER OF CARE and was employed for 30 years without any complaints filed against her.

9. During her employment at Defendant WOODHAVEN CENTER OF CARE, Plaintiff was one of the first individuals to arrive to the facility, as early as 5:00 a.m., and one of the last to depart each day.

10. Plaintiff never failed to timely complete her many duties and tasks even though she never received overtime compensation nor a salary commensurate with her position and many years of experience.

11. In addition to a lack of adequate compensation, Plaintiff continued to work for Defendants despite experiencing undue harassment, as she was ridiculed and disregarded by fellow staff members. Said staff members were instructed, in closed door meetings, to not communicate with Plaintiff due to her age.

12. On or about September 18, 2020, Defendant MELISSA MODICA informed Plaintiff that she was "too old" to work for Defendant WOODHAVEN CENTER OF CARE.

Plaintiff was thereafter presented with a resignation document and told that her employment would be immediately terminated if she did not sign the aforementioned document and resign.

13. With tears flowing from her eyes, Plaintiff was forced to sign the resignation document by her employer and, despite numerous requests, never received a copy of the executed document.

14. Thereafter, on or about November 11 and 12, 2020, Plaintiff suffered significant medical complications, including a stroke, that doctors have correlated to an onset of immense stress due to her wrongful termination.

15. In a blatant attempt to wrongfully intimidate Plaintiff, Defendant GABRIEL PLATSCHAK, owner of Defendant WOODHAVEN CENTER OF CARE, has threatened Plaintiff with a countersuit if she chose to file a claim against the facility after receiving a letter from Plaintiff's counsel regarding the events described above.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Age Discrimination in Violation of Section 623(a)(1) of the Age Discrimination in Employment Act of 1967)

16. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

17. Section 623(a)(1) of the Age Discrimination in Employment Act of 1967 dictates that it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's age.

18. The above facts clearly dictate that Defendants wrongfully discharged Plaintiff since she was not terminated due to a lack of sufficient performance but, rather, was forced to resign since she was deemed "too old" by Defendants.

19.     Additionally, the facts establish that Plaintiff experienced discrimination in regards to both her compensation and privileges due to her age. Despite being employed by Defendants for over 30 years, Plaintiff did not receive any overtime compensation nor did she receive a salary commensurate with her position and years of experience.

20.     The aforementioned events further caused Plaintiff to suffer significant physical pain and suffering, as she suffered a stroke that doctors have correlated to be onset from the stress that she experienced from being wrongfully terminated.

21.     Based upon the above discrimination and inequitable treatment that solely arose due to the age of Plaintiff, rather than any failure to effectively perform her duties and tasks, it is evident that Defendants violated the provisions of Section 623(a)(1) of the Age Discrimination in Employment Act of 1967.

22.     As a result of the foregoing age discrimination suffered by Plaintiff, Defendants are to provide ONE MILLION, FIVE HUNDRED AND FIFTY THOUSAND DOLLARS, AND ZERO CENTS ($1,550,000.00) to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, severe and permanent personal injuries, and loss of earnings.

**AS AND FOR A SECOND CAUSE OF ACTION**
(**Age Discrimination in violation of Section 296(1)(a, h) of New York Executive Law**)

23.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24.     28 U.S.C. § 1367(a) dictates that, in any civil action of which the district courts have original jurisdiction, a district court shall have supplemental jurisdiction over all other claims that are related to claims in the action within such original jurisdiction.

25. Section 296(1)(a) of New York Executive Law states that it is an unlawful discriminatory practice for an employer to discharge from employment an individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment because of the individual's age.

26. Defendants wrongfully ceased Plaintiff's employment, as she was informed that her employment would be terminated if she did not sign a resignation document since she was "too old." Plaintiff also did not receive just compensation, in regards to overtime and salary, despite her many years working for Defendants and lack of any complaints filed against her.

27. Further, Section 296(1)(h) of New York Executive Law establishes that it is an unlawful discriminatory practice for an employer to subject any individual to harassment because of the individual's age. Such harassment is an unlawful discriminatory practice when it subjects the individual to inferior terms, conditions, or privileges of employment because of the individual's membership in a protected category.

28. During her employment at Defendant WOODHAVEN CENTER OF CARE, closed door meetings occurred in which staff members were told to ignore or disregard Plaintiff due to her age.

29. Despite her tenure and competency in performing her required tasks and duties, Plaintiff was discriminated against by Defendants and received inequitable treatment as her fellow staff members were instructed to unjustly ignore or ridicule Plaintiff solely because of her age, a protected category.

30. As noted and discussed above, the discrimination against Plaintiff caused her to suffer immense physical pain and suffering, as she suffered a stroke that has been correlated to an onset of stress that she experienced from her wrongful termination.

31. Because of the discrimination and unjust harassment experienced by Plaintiff due to her age, a protected category, it is evident that Defendants violated the provisions of Section 296(1)(a, h) of New York Executive Law.

32. As a result of the foregoing age discrimination suffered by Plaintiff, Defendants are to provide $1,550,000.00 to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, severe and permanent personal injuries, and loss of earnings.

### AS AND FOR A THIRD CAUSE OF ACTION
(**Failure to properly compensate in violation of Section 207(j) of the Fair Labor Standards Act of 1938**)

33. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. Section 207(j) of the Fair Labor Standards Act of 1938 dictates that an employee, who works for an employer engaged in the operation of an establishment which is an institution primarily engaged in the care of the sick, aged, or mentally ill or defective who reside on the premises, is to receive compensation at a rate not less than one and one-half times the regular rate at which the individual is employed if his or her employment is in excess of eight hours in any workday and in excess of eighty hours in a fourteen-day period.

35. Defendant WOODHAVEN CENTER OF CARE is a facility that specializes in skilled nursing, rehabilitation, and assisted living and, therefore, falls under the reach of Section 207(j).

36. Plaintiff was consistently one of the first individuals to arrive to the facility, one of the last individuals to depart, and worked countless workdays in excess of eight hours without any complaints filed against her.

37. Despite going above and beyond in her job duties and working hours in excess of eight hours in a workday and eighty hours in a fourteen-day period, at no point did Defendants compensate Plaintiff with any overtime compensation that was at least one and one-half times the rate at which she was employed.

38. As Defendants failed to provide overtime compensation, despite the many hours that Plaintiff worked in excess of a standard workday and fourteen-day period, it is clear that they violated the provisions of Section 207(j) of the Fair Labor Standards Act of 1938.

39. As a result of the foregoing failure to properly compensate Plaintiff, Defendants are to provide $1,550,000.00 to Plaintiff as she suffered humiliation, embarrassment, damage to character and reputation, emotional and mental distress, severe and permanent personal injuries, and loss of earnings.

40. **Plaintiff demands a Jury Trial.**

**WHEREFORE**, Plaintiff THERESA CIDONI demands judgment against Defendants WOODHAVEN CENTER OF CARE, GABRIEL PLATSCHAK, and MELISSA MODICA as follows:

   A. Compensatory damages on her First, Second, and Third Causes of Action in the sum of ONE MILLION, FIVE HUNDRED AND FIFTY THOUSAND DOLLARS, AND ZERO CENTS ($1,550,000.00);

   B. Compensatory damages on her Second Cause of Action in the sum of ONE MILLION, FIVE HUNDRED AND FIFTY THOUSAND DOLLARS, AND ZERO CENTS ($1,550,000.00);

C. Compensatory damages on her Third Cause of Action in the sum of ONE MILLION, FIVE HUNDRED AND FIFTY THOUSAND DOLLARS, AND ZERO CENTS ($1,550,000.00);

D. Treble and Punitive Damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00) on all Causes of Action;

E. Attorney's fees, costs, and disbursements of this action; and

F. For such other and further relief as the Court may deem to be just, equitable, and proper.

Dated: Lake Success, New York
June 29, 2021

J.S. FRITZSON LAW FIRM, P.C.

_____
JOSEPH S. FRITZSON, ESQ. (JF-0740)
*Attorneys for Plaintiff*
THERESA CIDONI
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676

TO:
WOODHAVEN NURSING HOME;
GABRIEL PLATSCHAK;
MELISSA MODICA
1360 Route 112
Port Jefferson Station, New York 11776

Action No.:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THERESA CIDONI,

                            Plaintiff,

  - against –

WOODHAVEN CENTER OF CARE, GABRIEL PLATSCHAK,
and MELISSA MODICA,

                            Defendants.

## COMPLAINT

Signature (Rule 130-1.1-a)
*Joseph S. Fritzson*
**JOSEPH S. FRITZSON, ESQ.**

**J.S. FRITZSON FIRM, P.C.**
*Attorneys for Plaintiff*
Theresa Cidoni
1979 Marcus Ave, Suite 210
Lake Success, New York 11042
(631)-676-7676
Joseph@FritzsonLaw.com