FILED
CLERK

March 10, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
THERESA CIDONI,

                Plaintiff,

      - against -

WOODHAVEN CENTER OF CARE, GABRIEL PLATSCHAK,
MELISSA MODICA, VJJ HOLDING COMPANY, LLC, and
XYZ CORPORATION, a fictitious name used to represent any
of the Defendants' other corporations utilized, whose identity
is unknown,

                Defendants.
---------------------------------------------------------------------x

**MEMORANDUM
DECISION AND ORDER**
2:21-cv-03654 (JMA) (JMW)

**APPEARANCES:**

Joseph S. Fritzson
**J.S. Fritzson Law Firm, P.C.**
1979 Marcus Avenue, Ste 210
New Hyde Park, NY 11042
*For Plaintiff*

Brendan Kombol
**Richard Yellen Associates**
111 Broadway #1403
New York, NY 10006.
*For Defendants*

**WICKS,** Magistrate Judge:

> *"The great operative principle of Rule 37 is that the loser pays the expenses
> incurred in making or opposing a motion to compel."*[1]

      Before the Court is Plaintiff Theresa Cidoni's fee application, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), for costs and fees incurred in securing Defendants Woodhaven Center of Care, Gabriel Platschak, and Melissa Modica's participation in discovery by, *inter alia*, motion to compel.  (DE 27.)  Specifically, Plaintiff seeks reimbursement of $11,220 in costs and

---

[1] *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 Civ. 442(TPG)(FM), 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013) (alteration and internal quotation marks omitted).

1

fees incurred from May 4, 2022, up and to including the filing of this fee application.[2] Defendants have not submitted opposition.

For the reasons set forth below, Plaintiff's motion is GRANTED in part, and DENIED in part.

## I.   FACTUAL AND RELEVANT PROCEDURAL BACKGROUND

Plaintiff commenced this age discrimination action against Defendants on June 29, 2021. (DE 1). Following Defendants' answer (DE 6), the parties engaged in what can only be described as an arduous discovery process.

Plaintiff first raised the issue of Defendants' failure to adequately respond to discovery requests nearly a year ago, during an April 19, 2022 status conference. (DE 12.) Thereafter, Plaintiff made a series of motions to compel, which were granted and denied in varying degrees. (DE 13; Electronic Order, dated May 31, 2022; DE 14; Electronic Order, dated June 25, 2022.) Further, on several instances through letters and status conferences, Plaintiff raised with the Court Defendants' alleged dilatory discovery tactics. (*See* DE 12; DE 15; Electronic Order, dated June 25, 2022; DE 16-18.)

Simultaneously, Defendants' counsel consistently appeared on behalf of Defendants notwithstanding his failure to be admitted in this District. (*See* DE 10; DE 20, DE 21, DE 23.) Defense counsel's failure to adhere to proper procedure and orders of this Court necessarily contributed to delays, frustration of the discovery process, and Plaintiff's exasperation.

As relevant here, on July 12, 2022, Plaintiff moved for an order compelling Defendants to respond to Plaintiff's Post-EBT demands and the Court's June 25, 2022 Order instructing

---

[2] This is Plaintiff's second iteration of this fee application. The first, which was opposed by Defendants, was administratively withdrawn by the Court so Plaintiff could make certain revisions and additions to supplement the record. (*See* DE 22; DE 23.)

Defendants to respond to a certain contested interrogatory ("July Motion to Compel").  (*See* DE 16; Electronic Order, dated June 25, 2022.)  Plaintiff further sought sanctions in the form of costs incurred in bringing the motion, "as well as any future costs for motion practice or discovery related to the failure to abide by the June 25, 2022 Court Order and the continuous and willful failure to provide demanded discovery."  (*Id.*)

On October 5, 2022, this Court granted the July Motion to Compel and held that "Plaintiff is entitled to costs and fees associated with bringing the motion."  (Electronic Order, dated Oct. 5, 2022) (citing *Wager v. G4S Secure Integration, LLC*, No. 1:19-CV-03547 (MKV) (KNF), 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021)). Plaintiff was directed to file proof of costs and fees associated with the making of the motion unless the parties were able to reach agreement on the amount.

Presumably unable to come to an agreement, on October 11, 2022, the Plaintiff filed the first motion for sanctions and fee application.  (DE 19.)  Defendants opposed.  (DE 22.)  While the fee application was *sub judice*, a series of status conferences were held and cancelled due to defense counsel's continued failure to gain admission in this District in violation of the Local Rules and Court orders.  (DE 20, DE 21, DE 23.)  Accordingly, on November 30, 2022, the Court administratively withdrew Plaintiff's fee application to allow Plaintiff to make certain modifications and to add to the application costs for counsel's appearances at the cancelled status conferences.  (DE 23.)

On December 13, 2022, Plaintiff filed the instant, and second, fee application.  (DE 27.)  Defendants did not renew their opposition.

## II. DISCUSSION

### A. Scope of Fee Award

"A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure." *Allied 100, LLC v. Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021). Rule 37(a)(5)(C), provides that if a motion to compel is granted, after giving an opportunity to be heard, the court may apportion reasonable expenses for the motion. Fed. R. Civ. P. 37 (a)(5)(C). "The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021). "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information." *Id.* (internal quotation and citation omitted).

Here, the Court has already determined in its October 5, 2022 Order, that Plaintiff is entitled to costs and fees associated with bringing the July Motion to Compel. (Electronic Order, dated Oct. 5, 2022.) Plaintiff is further entitled to the costs and fees reasonably incurred in preparing this fee application. *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-00201S F, 2010 WL 3992215, at *10 (W.D.N.Y. Oct. 12, 2010) ("A party awarded attorney's fees is also entitled to compensation 'for time reasonably spent in preparing and defending' the fee application") (quoting *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999)). All that remains for the Court to determine on this branch of Plaintiff's application is the reasonableness of Plaintiff's counsel's fees.

Plaintiff also seeks to recover the costs associated with counsel's appearance at the status conferences held on October 11, 2022 ("October 11 Conference") and November 30, 2022

4

("November 30 Conference") which were unable to proceed due to defense counsel's failure to be admitted in this District.

Rule 16(f) of the Federal Rules of Civil Procedure provides: "if a party or its attorney [ ] fails to appear at a scheduling or other pretrial conference. . . the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." This includes the authority to award costs and fees associated with the sanctioned party's failure to appear at court-ordered conferences. *See* Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust"); *Yannitelli v. Navieras De Puerto Rico*, 106 F.R.D. 42, 44 (S.D.N.Y. 1985) ("The Court further finds that, pursuant to Fed. R. Civ. P. 16, an award of costs and attorney's fees is appropriate for [plaintiff's] failure to appear at the April 12 pretrial conference").

Here, defense counsel's continued appearance without proper admission at the October 11 and November 30 Conferences frustrated the purpose of the conferences and prevented the parties from going forward, similar to a party's failure to appear. Defendants have not presented a reason as to why noncompliance was substantially justified or other circumstances which make an award of expenses unjust. Therefore, an award of fees and costs associated with the October 11 and November 30 Conferences is appropriate.

Finally, to the extent Plaintiff seeks additional sanctions outside of those previously granted by the Court in connection with the July Motion to Compel (*see* Electronic Order, dated Oct. 5, 2022) and the status conferences referenced above, such request is denied as it is outside the scope of this Court's prior orders and Plaintiff has not met the requirements of Rule

5

35(a)(5)(A). *See Wager*, 2021 WL 293076 at *3 ("To recover expenses under Rule 37(a)(5)(A), the only requirements are that a party has made a motion for an order compelling disclosure or discovery and that the motion is granted") (internal quotations omitted).

### B. Assessment of Reasonable Costs and Fees

Next, the Court looks to see if the amount of costs and fees sought are reasonable. Here, Plaintiff's counsel Joseph S. Fritzson, the sole partner of the J.S. Fritzson Law Firm, P.C., affirms that his firm incurred a total of $11,220.00 in costs and fees related to the drafting of numerous motions and letters to the Court, including this fee application and his appearance at the October 11 and November 30 Conferences. (DE 27-1 at ¶¶ 18, 26.) These fees are based on a total of 20.4 hours at an hourly rate of $550 per hour. (DE 21-2.)

This Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. CV 10-1737 (ADS)(AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011). Therefore, the Court reviews both Plaintiff's counsel's claimed hourly rate and contemporaneous billing records to determine the reasonableness of the requested fee.

### I. Hourly Rate

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111 (CBA)(LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 190 (2d Cir. 2007). In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant "'community' for purposes of this calculation is the district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190. This has been coined by the Second Circuit as the "forum rule." *Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) ("This Circuit's forum rule generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee") (quotes omitted). "The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates." *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110(JS)(ARL), 2022 WL 866853, at *2 (E.D.N.Y. 2022). "The court may reduce the hours spent on the litigation to exclude excessive, redundant, or otherwise unnecessary time." *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, No. 04-CIV-3531 (LTS) (SLC), 2020 WL 91504, at *4 (S.D.N.Y. Jan. 8, 2020).

Mr. Fritzson is the founding and sole partner of the J.S. Fritzson Law Firm, P.C. and has been practicing law for approximately nine years. (DE 27-1.) It is unclear from Mr. Fritzson's affirmation whether he has practiced employment law continuously throughout these nine years.

7

Prior to starting his own firm, Mr. Fritzson clerked for the late-Honorable Judge Leonard D. Wexler in the United States District Court for the Eastern District of New York and was partner at a Manhattan law firm. (*Id.*) Mr. Fritzson also holds a Master's degree in Business Administration.

The fact that the J.S. Fritzson Law Firm, P.C. bills Mr. Fritzson's time at $550 per hour to it client is appropriate to consider but not dispositive in determining a fee award in this context. *See Katzenberg v. Lazzari*, 2007 WL 2973586 at *6 - 8 (E.D.N.Y. Oct. 9, 2007) ("attorneys' fees award in the context of an order requiring a losing party in a litigation to pay the prevailing party "is not the same as the reasonableness of a bill that a law firm might present to its own paying client"). Mr. Fritzson asserts, without citation, that based on the billing range found appropriate for partners by the Eastern District in 2008 ($200-$350 per hour), the appropriate range for partners today would be $275-500 per hour, taking inflation into consideration. (DE 27-1.) Recent case law in the Eastern District suggests Mr. Fritzson's calculations may be too generous.[3]

As recently as January 2023, the Eastern District has held that "[i]n this district, hourly rates 'generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience.'" *Williamsburg Climbing Gym Co. LLC v. Ronit Realty LLC*, No. 20 CV 2073 (FB)(RML), 2023 WL 1072952, at *4 (E.D.N.Y. Jan. 9, 2023), *report and recommendation adopted*, No. 20-CV-2073-FB-RML, 2023 WL 1070615 (E.D.N.Y. Jan. 27, 2023) (quoting *Perrone v. Amato*, No. 09 CV 316, 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27,

---

[3] The Court is mindful that attorney rates simply do not stagnate in the marketplace, rather they increase over time. *See, e.g.*, Debra Cassens Weiss, *Law Firms Plan Big Billing Rate Increases, Even as Discounts and Write-offs Proliferate*, ABA J. (Dec. 6, 2022). As a result, caution must be exercised in considering past awards over time for guidance.

2022)); *Noboa v. Quality Homes USA, Inc.*, No. 21CV07134JMALGD, 2023 WL 35030, at *2 (E.D.N.Y. Jan. 4, 2023); *see also Interpool, Inc. v. JJS Transp. & Distrib. Co.*, No. 22 CV 1103, 2022 WL 17335670, at *4 (E.D.N.Y. Nov. 30, 2022). Higher rates are approved where the party applying for fees supports the hourly rate with evidence such as counsel's extensive expertise, experience before the federal bar, and specialization required to litigate the matter. *Williamsburg Climbing Gym Co. LLC*, 2023 WL 1072952 at *4. Specifically in the employment discrimination arena, this District has found $400 per hour appropriate for partners with similar, if not more experience. *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *3 (E.D.N.Y. Dec. 22, 2021), *aff'd*, No. 2:19-CV-4315 (FB) (RLM), 2022 WL 2222900 (E.D.N.Y. June 21, 2022) (finding $400 per hour for partner and founding member of law firm who has been practicing employment law for more than 14 years appropriate) (collecting cases).

Here, there are no unique circumstances that would justify a departure from the prevailing market rates in this district. *See Aponte v. 5th Ave. Kings Fruit & Vegetables Corp.*, No. 20-CV-5625 (RLM), 2022 WL 17718551, at *2 (E.D.N.Y. Dec. 15, 2022) ("The party seeking a fee award bears the burden of establishing the reasonableness of the rates charged and the necessity for the hours spent"). Although the Southern District has found hourly rates of $725 to $940 for partners to be reasonable (*see Advanced Analytics, Inc.*, 2020 WL 91504 at *4), the Court would run afoul of the Second Circuit's "forum rule" if it applied out-of-district rates to the case here. *Allied 100, LLC*, 2021 WL 7184241 at *10 ("To establish that these fees are reasonable, Plaintiff must either show that the same rates apply in the Eastern District of New York or that a reasonable client would pay the out-of-district rates"). Mr. Fritzson does not provide authority from this District in which counsel was awarded $550 per hour as he seeks

9

here. *Blonder v. Indep. Cap. Recovery, LLC*, No. 21-CV-912 (ARR) (AYS), 2023 WL 2236908, at *3 (E.D.N.Y. Feb. 27, 2023) ("Notably, plaintiff's objection does not cite a single case from this district in which counsel was awarded the hourly rates sought in this case"). For these reasons, the Court finds the $550 requested hourly rate higher than what courts have in this District have approved and awarded. Accordingly, applying the range of $300 to $450 for partner-level attorneys that is accepted in this District of, the Court concludes that $450 per hour is an appropriate rate for this application.

## II. Reasonableness of Hours

Attorneys must submit contemporaneous records with their fee applications to document the hours reasonably billed. *See Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). In assessing a fee application and the supporting documentation, the Court should not include "excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). This does not mean that Courts should become "green-eyeshade accountants" but merely that the court has discretion to deduct a reasonable percentage of hours as a "practical means of trimming fat from a fee application." *Allied 100, LLC*, 2021 WL 7184241 at *12.

Here, Mr. Fritzson submitted contemporaneous billing records for all billing events related to discovery from May 2, 2022, through October 10, 2022. (DE 27-2.) Mr. Fritzson further annotated on the billing records an additional one hour of his time to account for the preparation and appearance at the October 11 and November 30 Conferences. (*Id.*) For the reasons stated above, Plaintiff is entitled to recover the costs and fees associated with the July Motion to Compel and the October 11 and November 30 Conferences. Therefore, upon review

of the submitted time records, the Court finds that Plaintiff is entitled to recover fees in connection with the following time entries:

| | | | | | |
|---|---|---|---|---|---|
| Service | 07/11/2022 | A103 Draft/revise L430 Written Motions and Submissions: Draft Second Letter Motion to Compel Discovery, Depositions, and Sanctions | 1.30 | $550.00 | $715.00 |
| Service | 07/11/2022 | A103 Draft/revise L430 Written Motions and Submissions: Finalize Second Letter Motion to Compel Discovery, Depositions, and Sanctions | 0.20 | $550.00 | $110.00 |
| Service | 07/12/2022 | A110 Manage data/files L430 Written Motions and Submissions: Electronically file Second Letter Motion to Compel Discovery, Depositions, and Sanctions | 0.10 | $550.00 | $55.00 |
| Service | 10/07/2022 | A103 Draft/revise L430 Written Motions and Submissions: Draft Letter Motion for Costs and Fees | 2.40 | $550.00 | $1,320.00 |
| Service | 10/10/2022 | A103 Draft/revise L430 Written Motions and Submissions: Finalize Letter Motion for Costs and Fees to conform with Part Rules | 0.70 | $550.00 | $385.00 |
| Service | 10/10/2022 | A103 Draft/revise L430 Written Motions and Submissions: Draft Affirmation in Support of Letter Motion for Costs and Fees | 3.20 | $550.00 | $1,760.00 |
| Service | 10/10/2022 | A103 Draft/revise L430 Written Motions and Submissions: Finalize Affirmation in Support of Letter Motion for Costs and Fees | 0.30 | $550.00 | $165.00 |

(*See* DE 27-2.)

These billing entries reflect a total 8.2 hours.

As it relates to the time spent in preparation and appearing for the October 11 and November 30 Conferences, Mr. Fritzson does not submit contemporaneous billing records for those events, but rather annotates on the records: "2x Court appearance and prep 1hr x $550 = $550." (*Id.*) Nonetheless, Mr. Fritzson affirms that he spent .3 hours appearing for both the adjourned October 11 Conference and the November 30 Conference and the remaining time was used to prepare for these conferences. (DE 27-1.) Although the proponent of a fee application must submit contemporaneous billing records, under these circumstances, where the Court was

11

present for Mr. Fritzson's appearance at these conferences and Mr. Fritzson has affirmed to the Court that a cumulative hour was spent in preparation and appearing before the Court, the Court finds in its discretion reasonable to award Plaintiff entitlement to the additional hour of fees.

Therefore, the Court finds it reasonable that Plaintiff be awarded to recover the fees for 9.2 hours at the rate of $450 per hour. Plaintiff is entitled to a total of **$4,140.00**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. Plaintiff is awarded attorneys' fees in the amount of **$4,140.00**.

Dated: Central Islip, New York
       March 10, 2023

SO ORDERED:

/S/:  *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge