FILED
CLERK

April 10, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
THERESA CIDONI,

Plaintiff,

- against -

**DECISION AND ORDER**
2:21-cv-03654 (JMA) (JMW)

WOODHAVEN CENTER OF CARE, GABRIEL PLATSCHAK, MELISSA MODICA, VJJ HOLDING COMPANY, LLC, and XYZ CORPORATION, a fictitious name used to represent any of the Defendants' other corporations utilized, whose identity is unknown,

Defendants.
----------------------------------------------------------------------x

**A P P E A R A N C E S:**

Joseph S. Fritzson
**J.S. Fritzson Law Firm, P.C.**
1979 Marcus Avenue, Ste 210
New Hyde Park, NY 11042
*For Plaintiff*

Brendan Kombol
**Richard Yellen Associates**
111 Broadway #1403
New York, NY 10006.
*For Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Theresa Cidoni alleges that Defendants Woodhaven Center of Care ("Woodhaven"), Gabriel Platschak ("Platschak"), Melissa Modica ("Modica"), VJJ Holding Company LLC ("VJJ Holding"), and XYZ Corporation, discriminated against her based on her age, asserting violations of § 623(a)(1) of the Age Discrimination in Employment Act of 1967, § 296(1)(a, h) of New York Executive Law and § 207(j) of the Fair Labor Standards Act of 1938. Before the Court is Plaintiff's fourth motion to compel and for sanctions, wherein Plaintiff seeks

to compel Defendants' responses to six post-EBT demands, along with attorney's fees and costs related to the motion. Defendants oppose. (DE 36.)

For the reasons set forth below, Plaintiff's motion is DENIED.

## I. BACKGROUND

The Court assumes the Parties' familiarity with the facts of this case. As relevant here, Plaintiff, born in 1956, was employed by Defendants for 30 years as the head of housekeeping. (DE 1.) On or about October 16, 2020, Modica informed Plaintiff that she was "too old" to work for Defendants and was promptly presented with a resignation document. (*Id.*) Further, Plaintiff was then told that her employment would be immediately terminated if she did not sign the resignation document. (*Id.*) Plaintiff reluctantly signed the document. (*Id.*) Plaintiff alleges that shortly thereafter, she suffered significant medical complications resulting from the immense stress from her forced and wrongful resignation. (*Id.*)

Discovery in this action has been nothing short of a Sisyphean task. Plaintiff has frequently sought or at least threatened to seek relief from the Court to secure Defendants' cooperation. Plaintiff raised concern with Defendants alleged dilatory discovery tactics to the Court, by means of numerous motions to compel, that were granted and denied in varying degrees, as well as through letters and status conferences (*See* DE 12-15; DE 16-18; Electronic Order, dated May 31, 2022; Electronic Order, dated June 25, 2022.)

On March 10, 2023, this Court issued an Order awarding Plaintiff fees in relation to a previous motion to compel. (*See* Electronic Order, dated March 10, 2023.) That same day, the Court denied Plaintiff's first iteration of the instant motion to compel due to the parties' failure to meet and confer. (*See id.*) As such, the Plaintiff renewed the instant motion to compel on March 16, 2023, and Defendants filed their opposition on the same day. (DE 35; DE 36.)

## II. DISCUSSION

### A. Waiver of Objections

Plaintiff contends that her motion to compel should be granted because Defendants failed to timely respond to Plaintiff's Post-EBT Demands and, therefore, any objections to Plaintiff's demands have been waived. (DE 35 at 2-3.) Defendants counter that they have fully complied with Plaintiff's discovery demands and that "any further responses would likely require a court order, as they related to confidential third-party employee records." (DE 36.)

It is well settled that "by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available." *Labarbera v. Absolute Trucking, Inc.,* No. 08-CV-4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009); *Chowdhury v. Hamza Express Food Corp.*, No. 14-CV-150 (JBW), 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections"); *Quartey v. Schiavone Constr. Co.*, 11-CV-2037 (DLI) (CLP) (E.D.N.Y. Feb. 6, 2013) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available").

Plaintiff asserts that Defendants' responses were late because Defendants failed to respond to Plaintiff's Post-EBT Demands within 20 days. (DE 35 at 1.) However, Rule 34(b)(2)(A) requires a response within 30 days of service, not 20 days. *See* FRCP 34(b)(2)(A). Therefore, the responses to Plaintiff's demands that were served on January 9, 2023 were actually due on February 9, 2023.[1] Furthermore, extended time to respond is warranted where parties stipulate to such an extension. Fed. R. Civ. P. 34(b)(2)(A) ("A shorter or longer time may

[1] Under Rule 6(a)(1), Defendants had 30 days beginning on January 10, as the day that triggers the period is excluded.

be stipulated to under Rule 29 or be ordered by the court"). Such an extension of time was stipulated to here.[2]

On January 30, 2023, exactly 21 days after Plaintiff served Defendants with Post-EBT Demands, Plaintiff gave Defendants until February 2, 2023, to provide complete and accurate responses. (DE 35 at 1-2.) This extension was arbitrary, however, being that Defendants actually had until February 9, 2023, to respond to Plaintiff's requests as per the 30-day response time provided for by Rule 34(b)(2)(A).

On February 13, 2023 -- the point at which Defendants' deadline to respond officially elapsed -- Plaintiff offered a final extension for Defendants to provide responses by February 17, 2023.[3] Defendants responded to Plaintiff's Post-EBT Demands on February 17, 2023.

Based on the good faith communications between counsel in which Plaintiff consistently extended Defendants' deadline to respond, the Court finds that Defendants responses to Plaintiff's Post-EBT Demands are timely. *See Scott-Iverson*, 2016 WL 3444226 at *3. Therefore, the Court finds that Defendants have not waived their objections to Plaintiff's discovery requests as Plaintiff urges.[4]

---

[2] It is of no mention that Defendants did not respond to Plaintiff's emails. Defendants' agreement to the stipulation can be inferred from their silence. *See Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-451V(F), 2016 WL 3444226, at *3 (W.D.N.Y. June 23, 2016) ("As such, Plaintiff's agreement to the stipulation may be inferred from the Plaintiff's counsel's silence or failure to respond to DeLuca's March 15, 2016 e-mail expressly sent to confirm such stipulation").

[3] Neither party has chosen to provide the Court with copies of these correspondences.

[4] Plaintiff states that during conversations with defense counsel, Defendants argued that their objections were proper because counsel made corresponding objections on the record "during the depositions." (DE 35 at 2.) A cursory review of the deposition transcripts submitted to the Court do not reveal any such objections made by defense counsel. Further, because Defendants did not raise this argument in its opposition the Court declines to make a ruling on this issue.

**B. The Post-EBT Demands**

Plaintiff contends that Defendants should be compelled to respond to Demand No.'s 3, 4, 5, 7, 10, and 11, to which Defendants object. (DE 35.) Plaintiff describes Defendants' responses as "informal, complete, and inadequate." (*Id.* at 2.) Defendants assert that they have complied with their discovery obligations and that more complete responses would require a court order. (DE 36.)

Defendants' responses are, without question, painfully inadequate. As an initial matter, Defendants chose to respond to Plaintiff's requests by merely listing objections in the body of an email. (*See* DE 35-2.) Further, Defendants responded to six of the Plaintiff's demands with identical, boilerplate language, except for one superfluous sentence located in Response #4.[5] Each Response states that "Defendant objects to this demand as overbroad, irrelevant, and a fishing expedition. Moreover, these records are confidential and require an independent court order to access, upon information and belief, following notice to the impacted employees. Accordingly, no such records have been produced." (DE 35 at 2.) The time-worn use of boilerplate language to object to discovery requests as "overbroad" and "irrelevant," such as those utilized here, has been long condemned by the courts of this District. *See Bursztein v. Best Buy Stores, L.P.*, No. 20-CV00076 (AT) (KHP), 2021 WL 1961645, at *6 (S.D.N.Y. May 17, 2021) ("[C]ourts in this District have previously said that general objections should rarely be used, unless the objections specifically apply to each document request at issue"). The party objecting to discovery has the burden of demonstrating, with a degree of specificity, how each question is overbroad or why each request is irrelevant. *Carl v. Edwards*, No.

[5] That sentence reads "The parties requested for identification were identified at the deposition testimony, and reference is made to those parties as testified to in further response."

CV163863(ADS)(AKT), 2017 WL 4271443, at *8 (E.D.N.Y. Sept. 25, 2017) (collecting cases). Defendants have failed to meet this burden here.

Furthermore, Defendants have accompanied their impermissible boilerplate objections with a statement that the requested records "are confidential and require an independent court order to access, upon information and belief, following notice to impacted employees." (DE 36 at 2.) Such unsubstantiated claims of confidentiality are insufficient grounds to withhold information and documents. To the extent that Defendants assert Plaintiff is seeking confidential material, *i.e.*, material that should be protected from disclosure, Defendants must seek a protective order. *See* FRCP 26(C).

Nonetheless, in deciding a motion to compel the Court is guided by Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that

end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration aspects such as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, CV 14-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015). It is well-established that, ultimately, "[m]otions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court."). Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, CV 13-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).

Plaintiff has not met her burden in demonstrating why the information sought is relevant and proportional to the claims and defenses in this case. Plaintiff offers one lonely sentence to explain why all of her demands are relevant: because "they seek information and materials pertaining to salaries, which is undoubtedly relevant to an action asserting employee discrimination." (DE 35 at 3.) Plaintiff's demands seek more than salary information and, even so, the Court cannot agree that Plaintiff's proposed conclusion of relevancy is doubtless.

Plaintiff alleges in her Amended Complaint that Defendants forced Plaintiff to resign from her job as head of housekeeping "since she was deemed 'too old' by Defendants." (DE 30

at ¶ 20.) Plaintiff further alleges that Defendants discriminated against her by instructing staff members to "ignore or disregard Plaintiff due to her age." (*Id.* at ¶ 30.) Finally, Plaintiff alleges that she "did not receive any overtime compensation nor did she receive a salary commensurate with her position and years of experience." (*Id.* at ¶ 21.)

The Court first addresses Demand Nos. 3, 4, 5 and 7:

> **Demand #3**: Full employee personnel file for all housekeeping staff from January 2015 through December 2022, including screen grabs from each tab in the computer system/program, as testified to at the deposition of Lois Lovisa.
>
> **Demand #4**: The names and employee personnel files for all Department Heads from January 2015 through end of December 2022, including screen grabs from each tab in the computer system/program, as testified to at the deposition of Lois Lovisa.
>
> **Demand #5**: The W2 and full employee file, including screen grabs of the computer system/program for: a. Santa Espinal; b. Debra Bruni; c. James Creamer; d. Alison Cellini; e. Pay Benyo; f. Eleni Katsis; g. Ellie Montgomery; h. Elizabeth Oliveri; & i. Jack McGowan.
>
> **Demand #7**: Debra Bruni improvement plan as testified to by Melissa Modica.

It is not clear to the Court how the entirety of the personnel files is relevant to Plaintiff's claims without an explanation as to who these individuals are or the role they may play in this case. The Court sees no explanation, nor does the Plaintiff provide one, as to why an improvement plan for Debra Bruni, presumably another employee, is relevant to Plaintiff's age discrimination claim.

The same can be said about the sweeping demands for seven years of W-2 and pay statements for employees and department heads, as requested by Plaintiff in Demand Nos. 5 (*see supra*), 10, and 11:

> **Demand #10**: All W2s for all Department heads from January 2015 through end of December 2022.
>
> **Demand #11**: All pay statements for all department heads from January 2015 through end of December 2022.

Plaintiff has offered no explanation as to why this information is relevant and proportional to this case. Without more, the Court cannot compel Defendants responses to these requests.

Finally, Plaintiff has requested that the Defendants "bear the costs for Plaintiff's motion, as well as any future costs for motion practice or discovery related to Defendants' failure to respond to Plaintiff's Post-EBT Demands." (DE 35 at 3.) In light of this motion's denial, Plaintiff is not entitled to attorney's costs and fees. *See Wager v. G4S Secure Integration, LLC*, No. 119CV03547MKVKNF, 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021) ("To recover expenses under Rule 37(a)(5)(A), the only requirements are that a party has made a motion for an order compelling disclosure or discovery and that the motion is granted") (quotes omitted).

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to compel (DE 35) is DENIED.

Dated: Central Islip, New York
April 10, 2023

**SO ORDERED:**

/s/ James M. Wicks

JAMES M. WICKS
United States Magistrate Judge